UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

UNITED STATES OF AMERICA

v.  Case Nos.:  3:08cr116/MCR/HTC
                3:16cv310/MCR/HTC

SEAN IMIRI WATERS

## REPORT AND RECOMMENDATION

This matter is before the Court on the "Motion to Correct Sentence under 28 U.S.C. § 2255" and memorandum in support filed by Defendant Sean Imiri Waters, who contends he is entitled to sentencing relief based on the United States Supreme Court's decision in *Johnson v. United States,* 135 S. Ct. 2551 (2015).  ECF Docs. 106, 107.  The Government responded in opposition to the motion.  ECF Doc. 113.  The case was referred to the undersigned for the issuance of all preliminary orders and any recommendations to the district court regarding dispositive matters. *See* N.D. Fla. Loc. R. 72.2; *see also* 28 U.S.C. § 636(b) and Fed. R. Civ. P. 72(b).  After a review of the record and the arguments presented, the undersigned recommends that the § 2255 motion be denied without an evidentiary hearing.  The enhancement of Defendant's sentence under the Armed Career Criminal Act ("ACCA"), 19 U.S.C. §924(e)(1), was not based on the ACCA's residual clause and

thus his sentence does not violate *Johnson*. *See* Rules 8(a) and (b), Rules Governing Section 2255 Cases.

## PROCEDURAL BACKGROUND

Defendant Sean Imiri Waters was charged in a four-count indictment with conspiracy to distribute and possess with intent to distribute 500 grams or more of cocaine ("Count 1"), possession with intent to distribute cocaine ("Count 2"), use of a firearm during a drug trafficking crime ("Count 3") and possession of a firearm by a convicted felon ("Count 4"). ECF Doc. 1. On December 18, 2008, he pleaded guilty to all charges pursuant to a written plea agreement. ECF Docs. 37, 64.

A Presentence Investigation Report ("PSR") was prepared prior to sentencing. ECF No. 132. Under the 2008 Guidelines Manual, Defendant's total offense level (after the acceptance of responsibility adjustment) was 23. PSR ¶¶ 40-50. Defendant was considered a career offender pursuant to § 4B1.1 of the guidelines because he had a 1995 conviction in Florida for robbery and a 1998 conviction in Florida for aggravated battery with great bodily harm. PSR ¶¶ 48, 49. This yielded a total offense level of 31. However, because of his 18 U.S.C. § 924(c) conviction, the applicable guidelines range was 262 to 327 months pursuant to U.S.S.G. § 4B1.1(c)(3). PSR ¶ 49.

Defendant was also an armed career criminal pursuant to 18 U.S.C. § 924(e). In addition to the 1995 Florida robbery and the 1998 Florida aggravated battery

convictions, Defendant had also been convicted in New York in 1989 of robbery, 2nd degree, and in Florida in 1995 of a burglary of a structure with a battery. PSR ¶¶ 53, 57. The total offense level under § 4B1.4 was also 31. Therefore, the criminal history category, as directed in § 4B1.4(b), became the offense level from § 4B1.1 with the § 4B1.1(c)(2)(B) adjustment. PSR ¶ 49.

Defendant's criminal history category would have been IV, but for the application of the career offender enhancement. It thus became VI. PSR ¶ 60.

Defendant's sentence was limited by statute to between 5 years and 40 years on Count 1. PSR ¶ 85. Count 2 carried a 20-year statutory maximum. Count 3, which had to run consecutively to the sentence imposed on the other counts, carried a statutory minimum term of five years and a maximum of life. Count 4 had a minimum term of 15 years and a maximum of life. The guideline imprisonment range on Counts 1, 3, and 4 was 262 to 327 months. PSR ¶ 86. The guideline range for Count 2 was 240 months, the statutory maximum for the offense.

The court sentenced Defendant to a term of 202 months' imprisonment as to Counts 1, 2, and 4, followed by a consecutive 60-month term on Count 3. ECF Docs. 46, 47, 108. His sentence also includes a five-year term of supervised release on Counts 1, 3 and 4, and a three-year term of supervised release on Count 2. Defendant did not appeal.

Defendant now moves to vacate his sentence on Count 4, arguing that after *Johnson* he no longer has three qualifying predicate offenses to be sentenced under the ACCA. The Government opposes the motion, arguing that Defendant's status under the ACCA remains unaffected by *Johnson,* and that any change in the sentence imposed on Count 4 would not affect Defendant's total sentence in this case.

## ANALYSIS

Generally, a conviction for being a felon in possession of a firearm or ammunition carries a statutory maximum sentence of ten (10) years. 18 U.S.C. §§922(g), 924(a)(2). However, the statutory maximum sentence for a conviction of those offenses increases to at least fifteen (15) years if the defendant has three (3) or more prior convictions "for a violent felony or a serious drug offense, or both, committed on occasions different from one another." 18 U.S.C. § 924(e).

The statutory definition of a violent felony under the ACCA is an offense that is punishable by a term exceeding one year, that either "(i) has as an element the use, attempted use, or threatened use of physical force against the person of another *[known as the elements clause]* or (ii) is burglary, arson, or extortion, involves the use of explosives *[known as the enumerated offenses clause]* or otherwise involves conduct that presents a serious potential risk of physical injury to another *[known as the residual clause]*." 18 U.S.C. § 924(e)(2)(B)(i) and (ii); *Beeman v. United States*, 871 F. 3d 1215, 1221 (11th Cir. 2017), *rehearing en banc denied, Beeman v.*

*United States*, 899 F.3d 1218 (11th Cir. 2018), *cert. denied*, Case 18-6385, 2019 WL 659904 (Feb. 19, 2019). In *Johnson*, the Supreme Court held that imposing an increased sentence under the ACCA's "residual clause" violates a defendant's constitutional right to due process. *Johnson*, 135 S. Ct. at 2563. Thus, a prior conviction can only qualify as a "violent felony" for purposes of increasing a defendant's sentence if it falls within the elements clause or is one of the enumerated offenses. *Johnson* has spawned significant litigation from inmates seeking relief from their sentences, as the Supreme Court held that it is retroactively applicable on collateral review. *See Welch v. United States*, 136 S. Ct. 1257 (2016).

Defendant does not contest, although he also does not concede, that his prior Florida convictions for robbery and aggravated battery with great bodily harm (ECF Doc. 132, PSR ¶¶ 58, 59) qualify as predicate offenses under the ACCA. (ECF Docs. 107 at 3-4, n.1.) He maintains, however, that neither his prior conviction in New York for robbery nor his conviction in Florida for burglary of a structure qualify as predicate offenses, thus leaving him one offense short of the requisite three predicate offenses required under the ACCA for enhancement.

Defendant was convicted of robbery in the second degree in New York. ECF Doc. 132, PSR ¶ 53. His argument that this conviction does not qualify as a "violent felony" under the ACCA is foreclosed by the Supreme Court's recent decision in *Stokeling v. United States*, 139 S. Ct. 544 (2019). In *Stokeling*, the

Supreme Court held that the ACCA's elements clause encompasses a robbery offense that requires some degree of "force." *See id.* at 555. Like the Florida statute for robbery addressed in *Stokeling*, under the New York penal code, a "person is guilty of robbery in the second degree when he *forcibly* steals the property. . . ." Penal Code §160.10. *See United States v. Thrower*, 914 F.3d 770 (2nd Cir. 2019) (holding that third-degree robbery convictions in New York are predicate violent felonies under the ACCA because they occur when a person "forcibly steals property"). Therefore, despite the Government's concession as to Defendant's burglary conviction,[1] Defendant has been convicted of three prior violent felonies as defined under the elements and enumerated offenses clauses of the ACCA and the enhancement of his sentence under the ACCA does not violate *Johnson*. Defendant is not entitled to relief under § 2255.

Conclusion

For the foregoing reasons, the Court finds that Defendant's motion pursuant to 28 U.S.C. § 2255 should be denied without an evidentiary hearing.

Certificate of Appealability

Rule 11(a) of the Rules Governing Section 2255 Proceedings provides that "[t]he district court must issue or deny a certificate of appealability when it enters a

---

[1] The Government concedes that Defendant's prior Florida burglary conviction is not a proper predicate violent felony under the ACCA. ECF Doc. 113, p. 6 (citing *United States v. Esprit*, 841 F. 3d 1235 (11th Cir. 2016)); *see also Mathis v. United States,* 136 S. Ct. 2243 (2016).

Case Nos.: 3:08cr116/MCR/HTC; 3:16cv310/MCR/HTC

final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)."   A timely notice of appeal must still be filed, even if the court issues a certificate of appealability.   Rule 11(b), Rules Governing Section 2255 Cases.

After review of the record, the court finds no substantial showing of the denial of a constitutional right.   § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000) (explaining how to satisfy this showing) (citation omitted).   Therefore, it is also recommended that the court deny a certificate of appealability in its final order.

The second sentence of Rule 11(a) provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue."   If there is an objection to this recommendation by either party, that party may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation.

Based on the foregoing, it is respectfully **RECOMMENDED**:

1. That the motion to correct sentence (ECF Doc. 106) be **DENIED.**
2. That a certificate of appealability be **DENIED**.

At Pensacola, Florida, this 26th day of March, 2019.

*/s/ Hope Thai Cannon*
**HOPE CANNON**
**UNITED STATES MAGISTRATE JUDGE**

Case Nos.: 3:08cr116/MCR/HTC; 3:16cv310/MCR/HTC

## **NOTICE TO THE PARTIES**

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u>   A copy of objections shall be served upon all other parties.   If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636**.